**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Centner, et al., | No. CV-22-00886-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| TMG Utility Advisory Services Incorporated, et al., | |
| Defendants. | |

Pending before the Court are TMG Utility Advisory Services Inc. and Mario Bauer's ("Defendants") Motion for Order Precluding Plaintiffs from Sending "Preservation Letters" to Third Parties (Doc. 10) and Defendants' Supplement to Motion for Order Precluding Plaintiffs from Sending "Preservation Letters" to Third Parties (Doc. 13). For the reasons stated below, Defendants' Motion is granted in part and denied in part, and Defendants' Supplemental Motion is denied.

Plaintiffs are former employees of Defendant TMG Utility Advisory Services Inc. ("TMG"). They have filed suit against Defendants for what they allege to be promissory estoppel and fraudulent inducement and a third claim for wrongful termination. They not only filed suit but have provided copies of it to at least thirteen of TMG's investors, auditors, business partners, and clients. Without further description, they have directed such persons and entities to "place a 'litigation hold' on all documents and electronically stored information (including, but not limited to, cellular phone text messages) that may be

potentially relevant to this action, including, but not limited to, any documents concerning bid protests and/or contractor responsibility/debarment proceedings involving TMG consulting." (Doc. 10-1 at 2.) Defendants assert that, given the claims at issue, none of the third parties would reasonably have such information but that the communications in reality were sent "to damage Defendants' reputation and business relationships." (Doc. 10 at 4.)

Further, in their Supplemental Motion, Defendants set forth facts which cause them to believe that Plaintiffs have sent defamatory communications to TMG's clients. (Doc. 13.) Defendants seek a protective order preventing all contact between Plaintiffs and third parties regarding this lawsuit except by subpoena.

Plaintiffs claim, citing the unpublished case of *Malone v. Wicomico County*, No. 19-2412-SAG, 2021 U.S. Dist. LEXIS 68492, at *7–11 (D. Md. Apr. 8, 2021), that they must file preservation letters with the third parties so as to preserve their right to obtain spoliation sanctions against such third parties if they should destroy evidence. (Doc. 16 at 8.) On the facts as provided to the Court, such claims lack any merit. Unlike *Wicomico*, Plaintiffs provide no suggestion that they have or ever will have any claims arising against the third parties that will make them defendants in this action. Nor do Plaintiffs provide any suggestion of any right to bring claims for spoliation against non-parties, or any reason to believe that the non-parties would be involved in the spoliation of evidence.

Plaintiffs make no claim that their belief that Defendants were violating the law or public policy was founded on any particular document or documents that would likely be in the possession of third parties and that are not already in the parties' possession. Further, to the extent that the operative question is Plaintiffs' reasonable belief, the documents within the possession of third parties would not be relevant unless Plaintiffs were aware of them at the time. Such facts might justify a more specific litigation hold letter to such third parties, but Plaintiffs have provided no such facts here, nor any special reason to believe that the third parties would likely have documents confirming Plaintiffs' suspicions. Further, the lack of any specificity in the litigation hold letter and its expansive scope could

work a significant burden on the third-party recipients of the letter should they attempt to comply with it. Even should there be no direct rule of civil procedure that addresses such potential abuse to third parties, in the absence of a better basis to serve the letter in the first place, there is a substantial likelihood that such conduct is prohibited by the Rules of Professional Conduct ER 4.4(a).

At the scheduling conference, Plaintiffs acknowledged that they will not be pursuing further litigation hold letters or further pursuing litigation hold information from those to whom such letters have already been sent. They are also willing to confer with Defendants' counsel regarding remedial steps necessary to communicate with those upon whom such letters have been served to address and cure the concerns that are discussed above. Under the circumstances, the Court orders Plaintiffs to do so. It further orders Plaintiff not to serve further litigation holds on third parties unless it has a specific, good-faith belief that parties have identifiable documents relevant to their claims.

In their Supplemental Motion, Defendants inform the Court that a series of emails were sent from separate proton.me domain name accounts to TMG clients, prospective clients, and industry contacts that made "unfounded accusations of corruption towards TMG." (Doc. 13 at 2.) Defendants believe that these documents may have been sent by Plaintiffs or their agents and request that the Court enjoin "Plaintiffs from directly or indirectly making contact with third parties regarding this lawsuit outside of the process set forth in Rule 45 of the Federal Rules of Civil Procedure." (Doc. 13 at 3.) Nevertheless, Defendants' mere speculation under the circumstances is insufficient to merit the broad relief requested.

Therefore,

**IT IS ORDERED** that Defendants' Motion for Order Precluding Plaintiffs from Sending "Preservation Letters" to Third Parties (Doc. 10) is **GRANTED** in part and **DENIED** in part. Plaintiffs will confer with Defendants and undertake remedial steps necessary to communicate with those upon whom litigation hold letters have already been served to address and cure the concerns discussed in this order. Plaintiffs will not serve

further litigation hold letters on third parties without an articulable and good-faith belief that there is a sufficiently specific, relevant, and proportional basis for doing so.

**IT IS FURTHER ORDERED** that Defendants' Supplement to Motion for Order Precluding Plaintiffs from Sending "Preservation Letters" to Third Parties (Doc. 13) is **DENIED** without prejudice.

Dated this 2nd day of August, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge