Kristy L. Peters, Bar No. 024756
kpeters@littler.com
Ian C. Beck, Bar No. 035599
ibeck@littler.com
Michael B. Guilliam, Bar No. 035069
mguilliam@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, Arizona 85016
Telephone:   602.474.3600
Fax No.:      602.957.1801

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Centner and Paul Paradis, | Case No. CV-22-00886-PHX-GMS |
| Plaintiffs, | **DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 37(B)** |
| v. | |
| TMG Utility Advisory Services, Inc. a Texas Corporation and Mario Bauer, individually, | |
| Defendants. | |

Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure Defendants TMG Utility Advisory Services, Inc. and Mario Bauer ("TMG Utility" or "Defendants") hereby move for sanctions against Plaintiff Paul Paradis[1] for his repeated failures to engage in the discovery process and obey the Court's December 13, 2022, Order regarding the same. *See* Doc. 72. Specifically, Defendants seek sanction in the form of dismissal of Plaintiff's case in light of Plaintiff's willful failure in comply with the Court's Order.

---

[1] Rather than comply with the Court's December 13, 2022, Plaintiff Gina Centner has stipulated to voluntarily withdraw her claims against the Defendants. Accordingly, Defendants seek sanctions only against the remaining plaintiff, Paul Paradis.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

## I. RELEVANT FACTUAL BACKGROUND

### A. Defendants Attempted to Establish a Reasonable Timeframe for Complying with the Court's Order.

On December 13, 2022, the Court met with the parties regarding certain discovery disputes raised by the Defendants. Following the conference, the Court issued an order instructing as follows:

> 1. Plaintiff provide all mitigation documents requested.
>
> 2. Plaintiff will identify email accounts, phone numbers and social media accounts and run reasonable search terms on those accounts.
>
> 3. Plaintiff will promptly respond to Defendants['] 2nd set of RFPs served on October 14, 2022.
>
> 4. Plaintiff will bates stamp the documents it has already provided Defendants and will then promptly identify which documents are responsive to which RFPs.

*See* Doc. 72. In the weeks since, Plaintiff has failed to comply with many of the categories set forth in the Court's order and has refused to engage in meaningful conferral.

Following the Court's Order, counsel for the Defendants promptly contacted Plaintiff's counsel to establish a reasonable timeline by which the Plaintiff would comply with the Order and suggested December 21, 2022 as a compliance deadline. *See* true and correct copy of December 14, 2022 email to Plaintiff's counsel, attached as **Exhibit 1**. Plaintiff's counsel responded only that he would "circle back when [he was] able." *Id*. Receiving no response, Defendants' counsel followed up on December 19, 2022 to ask whether Plaintiff would be able to comply with the Order by the previously proposed deadline of December 21, 2022. *See* true and correct copy of December 19, 2022 email to Plaintiff's counsel, attached as **Exhibit 2**. Plaintiff's counsel responded that his client would be unable to comply with the Court's Order until January 18, 2023. *Id.* Given the extended delays caused in bringing this discovery dispute and the approaching deadlines, Defendants' counsel agreed to wait until January 18, 2023 for the email search term results, but requested that Plaintiff comply with the other items Court's Order sooner than the 18th of January given the apparent ease in doing so. *Id*. On December 22, 2022, Plaintiff's counsel

committed to providing the requested information by the week of December 26-30th, but did not do so. *See* true and correct copy of December 22, 2022 email from Plaintiff's counsel, attached as **Exhibit 3**.

### B. Plaintiff's Attempted Compliance with the Order Was Incomplete and Deficient.

On January 3, 2022, Defendants' counsel again followed up requesting an update on Plaintiff's compliance with the outstanding Order. *See* true and correct copy of January 3, 2023 email to Plaintiff's counsel, attached as **Exhibit 4**. Later that day, Plaintiff's counsel sent a letter purporting to contain unverified responses to Defendants' written discovery requests. *See* true and correct copy of Plaintiff's January 3, 2023 letter to Defendants, attached as **Exhibit 5**. However, as set forth below, Plaintiff's January 3, 2023 letter did not comply with the Court's Order.

#### 1. Plaintiff Did Not Produce "All Mitigation Documents Requested."

First, the Court's Order instructed Plaintiff to produce "all mitigation documents requested." *See* Doc. 72. Defendants served three written discovery requests seeking information related to the mitigation of Plaintiff's damages.

Defendants' Interrogatory No. 8 asked Plaintiff to identify each of his employers since January 16, 2021 and to identify the name, address, and phone number for each employer, the dates of their employment, their job titles, duties, and descriptions, the minimum qualifications for their position, their salary with bonuses, tips, commissions, and prerequisites, their benefits, names of immediate supervisors, and reasons for leaving if applicable.

Defendant's Interrogatory No. 9 asked Plaintiff to identify each employer or potential employer he contacted in an effort to obtain employment following his March 24, 2022 termination. Plaintiff was further asked to identify the names, addresses, and telephone numbers of the companies to which they applied for employment, the dates they applied, dates of any interviews they received (and the name and title of interviewers), the position applied for, the minimum qualification for those positions, the compensation for that

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

3

1  position, and any position offered.

2  Finally, Request for Production No. 9 requests that Plaintiff produce all documents
3  relating to his efforts to obtain employment following his employment with TMG including
4  resumes, correspondence with prospective employers, documents submitted to those
5  employers, all offers of employment, documents related to compensation packages, and any
6  other documents submitted to Plaintiff by prospective employers.

7  Plaintiff claimed that no responsive information and not a single responsive
8  document existed for any of those requests given his status as a cooperating witness in an
9  ongoing federal criminal investigation. *See id.* To corroborate that statement, Defendants
10 asked that Plaintiff provide the dates during which he alleged cooperation with the federal
11 investigation on a "full-time basis" as he claimed. *See* true and correct copy of Defendants'
12 January 4, 2023 letter to Plaintiffs, attached as **Exhibit 6**. Defendants also asked that
13 Plaintiff respond in the form of a verified interrogatory response that he did not engage in
14 any efforts to obtain new employment following his termination from TMG. *Id.* Plaintiff
15 has ignored those requests.

16 Determining whether Plaintiff engaged in any efforts to mitigate his damages is
17 critical to Defendants' failure to mitigate defense. Plaintiff has indicated he did not apply
18 for any subsequent employment but refuses to put that information in a verified
19 interrogatory response. He also justifies his lack of mitigation efforts on his status as a
20 cooperating witness, but refuses to provide any documentation, dates, or information to
21 permit Defendants to investigate this issue. Plaintiff's conduct is hindering Defendants'
22 ability to defend against his claimed damages.

23  **2.   Plaintiff Has Not Run Reasonable Searches of those Accounts.**

24 Next, the Court ordered Plaintiff to identify email accounts, phone numbers and
25 social media accounts and run reasonable search terms on those accounts. *See* Doc. 72. In
26 his unverified response, Plaintiff identified one personal email address, no social media
27 accounts, and two phone numbers. *See* **Exhibit 5**. However, the Court's Order was not
28 limited to merely identifying applicable accounts. The Court also ordered Plaintiff to run

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

4

reasonable search terms on each of those accounts. *See* Doc. 72. To date, Plaintiff has not done so and has made no apparent effort to do so.

Defendants took great effort in developing a list of specific search terms relevant to the claims and defenses in this lawsuit. Plaintiff has never proposed alternative search terms or claimed the search terms led to an unreasonable or unduly burdensome amount of responsive hits. Rather, it appears Plaintiff is refusing to conduct any search of his email or phone accounts and is refusing to confer with Defendants or abide by the Court's order. Defendants' search terms involved issues of liability and damages, and Plaintiff's complete refusal to abide by the Court's order impacts Defendants' ability to defend against Plaintiff's claims.

### 3. Plaintiff Has Not Fully Responded to Defendants' Second Set of Requests for Production.

The Court also ordered Plaintiff to respond to Defendants' Second Set of Requests for Production, which were served on October 14, 2022. *See* Docs. 58 and 72. Request for Production No. 14 requested that Plaintiff produce documents sufficient to identify *all* payments he made in connection with the relevant Residential Lease Agreement. In his Reply in Further Support of His Expedited Motion for Temporary Restraining Order, Plaintiff claimed to have made monthly rent and utility payments since April 2021. *See* Doc. 56. However, Plaintiff only produced documents reflecting payments made from June 2022 until December 2022. *See* **Exhibit 5**. Accordingly, Plaintiff's response was incomplete.

Plaintiff cited an inability to produce additional documents because he no longer had access to the bank account he used to make payments prior to June 2022. *Id.* As a result, Defendants indicated they would issue a subpoena to obtain the relevant statements and asked Plaintiff to provide his account number, routing number, the name on that account, and to sign an authorization Defendants provided authorizing the release of the relevant bank records. *See* **Exhibit 6**. Plaintiff ignored that request and has failed to supplement his response to Request for Production No. 14.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

5

As set forth in Defendants' Response In Opposition to Plaintiff Paradis' Expedited Motion for Temporary Restraining Order With Notice (Doc. 55), Defendants believe Plaintiff began making lease payments more than one year before he filed this lawsuit, demonstrating that his claims regarding the lease payments are time-barred. Receiving bank records that reflect the actual date of Plaintiff's payments is critical to this defense. Accordingly, Plaintiff's refusal to provide information for Defendants to obtain this information is impacting Defendants' statute of limitations defense.

### C. Despite Defendants' Best Efforts, Plaintiff Has Failed to Remedy or Supplement His Disclosures to Comply with the Order.

Following their review of Plaintiff's January 3 letter, counsel for Defendants promptly contacted Plaintiff's counsel laying out in specific detail their concerns with the incomplete nature of Plaintiff's efforts to comply with the Order. *See* **Exhibit 6**. As outlined in greater detail above, Defendants pointed out that Plaintiff had not produced any documents or provided any information to substantiate his claim that not a single responsive document exists to Defendants' discovery requests related to mitigating damages, had not run reasonable search terms, and had not fully responded to Defendants' Second Set of Requests for Production. Defendants requested a time to confer about the deficiencies.

Plaintiff's counsel did not respond, nor did he even acknowledge receipt of Defendants' letter. Accordingly, on January 12, 2023, counsel for Defendants followed up to request a response to their numerous concerns. *See* true and correct copy of Defendants' January 12, 2023 email to Plaintiff's counsel, attached as **Exhibit 7**.

As noted above, Plaintiff then served Supplemental Responses and Objections to Defendants' First Set of Requests for Production on January 18, 2023. In doing so, he satisfied Item 4 of the Court's December 13, 2022 Order. However, Plaintiff did not acknowledge or remedy any of the other concerns laid out in Defendants' January 4, 2023 letter. Defendants responded on January 19, 2023 once again highlighting the issues Plaintiff had yet to resolve, raising new concerns raised by Plaintiff's January 18 Supplemental Responses, and requesting a meet and confer to discuss the outstanding

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

6

discovery issues, both new and old. *See* true and correct copy of Defendants' January 19, 2023 letter to Plaintiff, attached as **Exhibit 8**.

Receiving no response, counsel for Defendants followed up again on January 23, 2023 requesting a meet and confer. *See* true and correct copy of Defendants' January 23, 2023 email to Plaintiff's counsel, attached as **Exhibit 9**. The following day, Plaintiff's counsel stated he was trying to reach his clients and would respond as soon as he was able. Counsel for Defendants followed up again on January 26, 2023 to determine if a response was forthcoming but received no response. *See* true and correct copy of Defendants' January 26, 2023 email to Plaintiff's counsel, attached as **Exhibit 10**. Finally, on January 30, 2023, counsel for Defendants called Plaintiff's counsel (who was unable to speak to the substance of any of the disputes) and requested that Plaintiff respond to the outstanding issues by February 1, 2023. Plaintiff did not respond by February 1st and has not responded to date.

Plaintiff has not complied with three of the four items in the Court's December 13, 2022 Order. Plaintiff has not produced all the requested information related to his efforts to mitigate his damages. Plaintiff has not run searches of his email accounts and text messages, using Defendants' requested search terms. Plaintiff also has not provided a complete response to Defendants' Second Set of Requests for Production, opting instead to disclose only a limited portion of documents responsive to the request and refusing to assist Defendants in collecting the remaining responsive documents. The only item from the Court's order that Plaintiff has complied with was the Court's instruction to identify which of the previously produced documents were responsive to which of Defendants' Requests for Production. Further, Plaintiff has refused to engage in meaningful conferral about these deficiencies despite Defendants' repeated requests.

## II.   LEGAL ANALYSIS

### A.   Rule 37(b) Authorizes the Court to Issue Sanctions for a Party's Failure to Comply with a Court Order.

Federal Rule of Civil Procedure 37(b) gives the court a "wide range of sanctions for

a party's failure to comply with court discovery orders." *See U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.3d 1365, 1369 (9th Cir. 1980). Included among that wide range are the abilities to: "require the delinquent party or his attorney to pay the reasonable expenses, including attorney's fees, incurred by the innocent party as a result of the failure to obey the order; strike out portions of pleadings; deem certain facts as established for purposes of the action or preclude admission of evidence on designated matters; dismiss all or part of the action; or render a default judgment against the disobedient party." *Id*. The choice of which of those various forms of sanctions to issue rests in the Court's sole discretion. *Id.*

"Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance." *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978). The Ninth Circuit has noted that "[l]itigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents." *Id.* The Ninth Circuit even clarified that a "last-minute" effort to remedy their failings cannot "cure the problem" a party causes by their willful failure to follow a Court's discovery order. *Id*. Dismissal is warranted when a party's refusal to cooperate in discovery "[is] in direct disobedience to the authority of the court." *Id.* (citing *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964), cert. denied, 380 U.S. 956 (1965)).

When considering dismissal as a sanction under Rule 37(b), the Ninth Circuit has established a five-part test to determine if dismissal is just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Malone v. United States Postal Service*, 833 F.3d 128, 130 (9th Cir. 1987). When a court

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

8

order is violated, the Ninth Circuit has determined that factors 1 and 2 support sanctions and factor 4 weighs against case-dispositive sanctions. *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citing *Adriana International Corp. v. Theoren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Accordingly, factors 3 and 5 are decisive. *Id.* Even for case-dispositive sanctions, "it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Id.* Most critical for the application of case-dispositive sanctions is "whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Id.* (quoting *Adriana*, 913 F.2d at 1412). Moreover, "[d]ismissal is appropriate where a 'pattern of deception and discovery abuse made it impossible' for the district court to conduct a trial 'with any reasonable assurance that the truth would be available.'" *Id.* (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995)).

   **B.**  **Plaintiff Has Willfully Failed to Comply with the Court's December 13, 2022 Order.**

Plaintiff's conduct throughout this case and specifically with respect to the Court's December 13, 2022 Order warrants a dismissal sanction under Rule 37(b).

The Court issued a very clear Order imposing four discovery obligations on the Plaintiff. Plaintiff has willfully failed to satisfy three of those obligations. First, the Court ordered Plaintiff to provide "all mitigation documents" the Defendants requested. He has not done so. Plaintiff has completely ignored Defendants' repeated requests to provide verified interrogatory responses and information supporting his attorney's assertion that he could not mitigate due to his role as cooperating in a federal investigation. *See* **Exhibit 5**. Second, the Court ordered Plaintiff to identify all email accounts, phone numbers, and social media accounts *and* to run reasonable search terms on all those accounts. Plaintiff has failed to run the required search terms or produce any documents generated by those searches. *Id.* Third, the Court ordered Plaintiff to respond to Defendants' Second Set of Requests for Production, which sought documentation of *all* payments Plaintiff made in connection with the relevant residential lease. Plaintiff disclosed documents related to only seven of those

payments and has ignored Defendants' efforts to obtain documents related to the additional payments he allegedly made which are the payments directly relevant to the statute of limitations defense that Defendants asserted. *Id.*

It is evident that Plaintiff has willfully failed to fully comply with the Court's Order. Accordingly, the first and second factors set by the Ninth Circuit favor case-dispositive sanctions. *See Malone*, 833 F.3d at 130. Therefore, two of the remaining factors, the risk of prejudice and availability of less drastic sanctions, are decisive. The Ninth Circuit has already held that even for case-dispositive sanctions such as those sought here, it is not necessary to impose less serious sanctions first or to give any explicit warning. *Id.* Rather, the single most critical question is whether the discovery violations threaten to interfere with the rightful decision of the case. That question can be resolved by asking whether a pattern of deception and discovery abuse make it impossible to conduct a trial with any reasonable assurance that the truth would be available. *Id.*

Plaintiff's long-standing discovery violations and pattern of abuses pose a serious threat to the rightful decision of this case and deprive Defendants, and the Court, of any reasonable assurance that the truth will be available if this case is tried. Plaintiff has established a clear and undeniable pattern of abusing the discovery process through lengthy and inexplicable delays. As this Court is aware, the issues raised by Defendants in the parties' December 13, 2022 discovery dispute hearing originated on August 29, 2022 when Plaintiff failed to timely respond to Defendants' Requests for Production and Interrogatories. *See* Docs. 22 and 73. Only after months of delays and despite repeated communication from Defense counsel were those issues brought to the Court for resolution. Over the course of those months, Plaintiff frequently ignored Defendants' communications, failed to adequately respond to them or otherwise promised deadlines for responding which they subsequently disregarded. *See* Doc. 73. Indeed, Plaintiff's pattern of obstruction is not even limited to the discovery process. For example, Plaintiff refused to stipulate to the entering of a Protective Order and instead demanded that Defendants file a Motion seeking such an Order. Defendants did so and despite his earlier insistence, Plaintiff failed to

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

10

respond opposing Defendants' Motion. *See* Doc. 66.

Even after the Court's December 13, 2022 Order, Plaintiff has resumed his existing patterns of discovery abuses. Plaintiff has failed to disclose mitigation information requested by the Defendants, has failed to run reasonable search terms of his email accounts and text messages, and has ignored repeated requests to supplement his incomplete responses to Defendants' Second Set of Requests for Production. In the weeks following the Court's Order, Plaintiff has routinely ignored Defendants' efforts to confer on these issues and have made no meaningful efforts to remedy their incomplete and/or improper disclosures. In doing so, Plaintiff has deprived Defendants of access to information and documents which are critical to defending Plaintiff's claims and requests for damages.

Without access to the requested documents and information, Defendants are unable to conduct appropriate discovery on Plaintiff's claims and Defendants' defenses. Moreover, Defendants are deprived of the opportunity to evaluate the existence and measure of any of Plaintiff's alleged damages. Further, without the relevant written discover, Defendants have been unable to schedule Plaintiff's deposition.

Plaintiff's failure to engage in the discovery process overall, and his specific failure to comply with the Court's December 13, 2022 Order, threaten to interfere with the rightful decision of this case. Accordingly, with Plaintiff's blatant disregard of the Court's Order now threatening the rightful decision of this case, dismissal is warranted under Rule 37(b).

**C.    In The Alternative, Lesser Sanctions Are Warranted Considering Plaintiff's Noncompliance.**

If the Court ultimately finds that the *Malone* factors to not weigh in favor of case-dispositive sanctions, the Defendants respectfully request that lesser sanctions be issued. As noted, Rule 37(b) provides for a plethora of potential sanctions to be issued when a party fails to comply with the Court's discovery orders. For instance, Rule 37(b) authorizes the court to require the delinquent party or his attorney to pay the innocent party's reasonable expenses, to strike limited portions of the delinquent party's pleadings, or to deem certain facts established or preclude admission of evidence on certain matters. *See Sumitomo*

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

11

1  *Marine & Fire Ins. Co., Ltd*, 617 F.3d at 1369. The choice of which form those sanctions take rests in the Court's sole discretion. *Id.* Accordingly, to the extent the Court determines that case-dispositive sanctions are not called for here, Defendants request that the Court exercise its discretion in issuing less-severe sanctions under Rule 37(b).

### III.  CONCLUSION

For the reasons stated more fully above, Defendants respectfully request the Court issue sanctions under Fed.R.Civ.P. 37(b) in the form of a dismissal of Plaintiff's case. Alternatively, if the Court determines that case-dispositive sanctions are not warranted, Defendants respectfully request the Court exercise its discretion under the Rule to issue non-dispositive sanctions against Plaintiff.

Dated: February 6, 2023.                    Respectfully submitted,

*/s/ Ian C. Beck*
Kristy L. Peters
Ian C. Beck
Michael B. Guilliam
LITTLER MENDELSON, P.C.

Attorneys for Defendants

I hereby certify that the original of the foregoing was electronically filed using CM/ECF and a copy of the same was emailed to the following if non-registrants, this 6th day February 2023.

Alan A. Meda
Burch & Cracchiolo, P.A.
1850 North Central Avenue
Suite 1700
Phoenix, AZ 85004
ameda@bcattorneys.com

*s/ Suzy Walker*
4881-2624-6222.2 / 114176-1003

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

12